UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Ben Robinson & Maxine Robinson,
Individually & as h/w
7704 Laflin Street
Basement Apartment
Chicago, IL 60620

:
:
:
:
:
:      Civil Action No.:
:
:

          Plaintiffs,

v.

Family Dollar, Inc.
10401 Monroe Road
Matthews, NC 28105

:
:      **JURY TRIAL DEMANDED**
:

          And

Charles Ramsey, individually and in his
official capacity as Commissioner of the
Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

          And

City of Philadelphia
d/b/a Philadelphia Police Department
1515 Arch Street
Philadelphia, PA 19102

          And

John Does 1-10

          Defendants.

## CIVIL ACTION COMPLAINT

### I.    Introduction

Plaintiff was shopping in Defendant, Family Dollar Inc.'s store when Defendant's employees, Defendants, John Does, accused Plaintiff of shoplifting without cause. Then, without provocation, Defendant's employees severely beat Plaintiff. Plaintiff was hospitalized.

Police Co-Defendants arrested, and imprisoned Plaintiff at the behest of remaining Co-Defendants. All charges were dismissed after store surveillance confirmed that from the time Plaintiff walked into the Family Dollar to the time he left, Plaintiff did not pick-up any merchandise. The surveillance video showed the unprovoked assault and battery on Plaintiff.

## II.   Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on diversity conferred by 28 U.S.C. §§1331 and 1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

## III.   Parties

3. Plaintiffs, Ben Robinson and Maxine Robinson, are married and adult individuals residing at the above-captioned address.

4. Defendant, Family Dollar, Inc. ("Family Dollar"), is a corporation, duly organized under the laws of the State of North Carolina, located at the above-captioned address.

5. Defendant, Charles Ramsey, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Police Department, as well as in his official capacity as Commissioner, acting under color of State law.

6. Defendant, City of Philadelphia, is a municipality doing business as the Philadelphia Police Department.

7. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are

incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV.  Operative Facts

8. On or about April 29, 2013, Plaintiff was shopping at the Family Dollar store near 48th Street and Girard Avenue in Philadelphia.

9. Plaintiff searched for foot pads but did not see any in the store and decided to leave.

10. While exiting the store, Defendants, John Does, a Family Dollar security guard and two (2) other Family Dollar employees, accused Plaintiff of shoplifting. One employee, Defendant, John Doe, said to Plaintiff, "We can do this the hard way or the easy way."

11. Plaintiff denied stealing anything. Suddenly, one of employees, Defendant, John Doe, hit Plaintiff.

12. Plaintiff was severely gang beaten and thrown to the ground. One of the employees, Defendant, John Doe, grabbed a tire iron and hit Plaintiff over his left eye with it. Defendant's employees, Defendants, John Does, laughed and continued beating and kicking Plaintiff. By now, Plaintiff was severely injured and bleeding.

13. Upon information and belief, the incident was captured on store surveillance video. It was also captured independently on video. *See,* http://www.nbcphiladelphia.com/video/#!/news/local/Accused-Shoplifter-Attacked-by-Employee/206963641, NBCPhiladelphia.com: "Accused Shoplifter Attacked by Employee"

14. Finally, an ambulance arrived to transport Plaintiff to the hospital where he was treated for about a day and a half.

15. As a direct result of the aforesaid severe beating, Plaintiff sustained severe and long-term injuries, including, but not limited to: eight stitches over his left eye, pain in his left eye, lower back pain, right elbow soreness and pain, dizziness, and stiffness of the neck.

16. Plaintiff immediately intended to press charges against his attackers. Instead, to his shock and surprise, Plaintiff was handcuffed at the hospital and taken directly to jail by Police Co-Defendants, John Does.

17. Plaintiff was charged with aggravated assault, robbery, retail theft, theft by unlawful taking, receiving stolen property, and simple assault.

18. Plaintiff paid bail in the amount of approximately $1,000 to be released from jail.

19. On or about August 9, 2013, Plaintiff's case was dismissed by the Hon. Karen Y. Simmons. (Exh. A). Of particular note, was Judge Simmons' finding that the store surveillance video showed that from the time Plaintiff walked into the store to the time he left, Plaintiff did not pick up any merchandise. Judge Simmons also concluded that Defendant's employees clearly attacked Plaintiff.

20. Plaintiff was and is "actually innocent."

21. Defendant's employees threatened Plaintiff with imminent severe bodily harm and then severely beat Plaintiff. Plaintiff suffered physical injuries and emotional distress as a result.

22. To perpetuate its misconduct, Defendant Family Dollar and its employees clothed themselves with color of state authority through the use of Defendant, Philadelphia Police Department. Family Dollar and the City of Philadelphia arrested and/or coordinated by mutual agreement Plaintiff's arrest, without probable or any cause. Then, Defendants initiated a criminal proceeding that ended in Plaintiff's favor. As a consequence of the proceeding, Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure.

23. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants arrest, imprison, and prosecute citizens without probable nor any cause.

## COUNT I
### Assault and Battery
### (Plaintiff vs. Family Dollar and its John Doe employees)

24. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

25. Defendants used unreasonable and unnecessary force including severely gang beating Plaintiff.

## COUNT II
### Malicious Prosecution
### (Plaintiff vs. All Defendants)

26. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

27. At the time of Defendants' investigation, arrest, charges, and imprisonment, Plaintiff had not committed any infraction to legally justify the incarceration and charges.

28. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

29. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged obstructing administration of law/governmental function.

31. Plaintiff was seized from the time he was arrested through the time he was imprisoned.

32. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

33. The criminal action terminated in Plaintiff's favor after Defendants released Plaintiff from prison without verbal or written explanation.

34. Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

## COUNT III
### False Arrest
### (Plaintiff vs. All Defendants)

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. Defendants lacked probable cause to arrest Plaintiff.

37. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

38. Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

39. Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

## COUNT IV
### False Imprisonment
### (Plaintiff vs. all Defendants)

40. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

41.   Defendants lacked probable cause to arrest Plaintiff.

42.   Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

43.   Defendants intentionally deprived Plaintiff of his liberty for a purpose other than bringing Plaintiff to justice.

44.   Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as common law.

## COUNT V
### *Monell*
### (Plaintiff vs. City of Philadelphia and Ramsey)

45.   Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

46.   Prior to the events described herein, Defendants, City of Philadelphia, developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the City of Philadelphia, which caused violations of Plaintiff's constitutional and other rights.

47.   The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

48.   Plaintiff suffered harm due to Defendants' conduct.

## COUNT VI
### Negligence/Negligent Supervision
### (Plaintiff vs. Family Dollar and John Does)

49. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

50. As a direct result of Defendants' intentional, negligent, careless, and/or reckless misconduct, as described herein, Defendants caused Plaintiff to be personally and financially damaged and/or injured, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to:

   a. humiliation, embarrassment, emotional distress, inconvenience and annoyance;

   b. financial and/or personal injury;

   c. attorneys fees, expenses and costs;

   d. such other and further injury as may be revealed through continuing discovery and/or at trial.

## COUNT VII
### Loss of Consortium
### (Plaintiff vs. all Defendants)

51. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

52. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

53. All the aforesaid injuries and damages were caused solely and proximately by the Defendants.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

# EXHIBIT A



# First Judicial District of Pennsylvania
## Court Summary

**Robinson, Ben**  
Philadelphia, PA  19100

DOB: 08/20/1957

Sex: Male  
Eyes: Brown  
Hair: Black  
Race: Black

### Closed
#### Philadelphia
**MC-51-CR-0016690-2013**  
Arrest Dt: 04/30/2013    Disp Date: 08/09/2013  
Proc Status: Completed  
Def Atty: Maran, Mary Therese - (PR)  
DC No: 1319034645    Disp Judge: Simmons, Karen Y.    OTN:N8595274

| Seq No | Statute | Description | Disposition |
|---|---|---|---|
| 1 | 18 § 2702 | Aggravated Assault | Dismissed - LOE |
| 2 | 18 § 3701 | Robbery-Inflict Serious Bodily Injury | Dismissed - LOE |
| 3 | 18 § 3929 | Retail Theft-Take Mdse | Dismissed - LOE |
| 4 | 18 § 3921 | Theft By Unlaw Taking-Movable Prop | Dismissed - LOE |
| 5 | 18 § 3925 | Receiving Stolen Property | Dismissed - LOE |
| 6 | 18 § 2701 | Simple Assault | Dismissed - LOE |

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Court Summary Report information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Common Pleas Criminal Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date disposition information is for the offense.