IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEN ROBINSON and MAXINE ROBINSON,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>FAMILY DOLLAR, INC. et al.,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 14-03189 |

PAPPERT, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　MAY 27, 2015

## MEMORANDUM

Plaintiff Ben Robinson ("Robinson") and his wife, Maxine Robinson, (collectively "Plaintiffs") allege that employees of Family Dollar Stores of Pennsylvania, Inc. ("Family Dollar") beat Robinson, then in an effort to cover up the beating, falsely reported to the Philadelphia Police that Robinson assaulted Family Dollar employees and committed retail theft. Family Dollar moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, Family Dollar's motion to dismiss is granted.

*Factual and Procedural Background*

Robinson was shopping at the Family Dollar store near 48th Street and Girard Avenue in Philadelphia, Pennsylvania on April 29, 2013. (Am. Compl. ¶ 10, Doc. No. 13.) As Robinson exited the store, he was stopped by Family Dollar employee Braheem Wilkins[2], a Family Dollar security guard and two other unidentified Family Dollar employees. The four employees

---

[1]　Because the Court grants Family Dollar's motion to dismiss for failure to state a claim and dismisses all claims against Family Dollar, the Court does not address Family Dollar's motion to strike certain allegations in the amended complaint pursuant to Federal Rule of Civil Procedure 12(f) or its motion to strike the John Doe Employee defendants pursuant to Federal Rule of Civil Procedure 12(b)(7). Plaintiffs voluntarily dismissed Family Dollar, Inc. thereby mooting the argument that Family Dollar, Inc. is not subject to personal jurisdiction. (Doc. No. 23.)

[2]　Wilkins is no longer employed by Family Dollar and he has not been served. (Mot. Dismiss 2 n.2, Doc. No. 15.)

1

accused Robinson of shoplifting. (*Id.* ¶ 12.) Robinson denied stealing anything and one of the employees hit him. (*Id.* ¶ 13.) Robinson was then "gang beaten," thrown to the ground, and struck over the left eye with a tire iron. (*Id.* ¶ 14.) The employees laughed and continued to strike Robinson. (*Id.*) The entire incident was captured on store surveillance video and on video recorded by a bystander. (*Id.* ¶ 15.) Robinson was transported to the hospital and treated for his injuries. (*Id.* ¶¶ 16-17.) Philadelphia Police Officer Wilfrid Etienne arrested Robinson upon his release from the hospital and charged him with aggravated assault, robbery, retail theft, theft by unlawful taking, receiving stolen property, and simple assault based on Family Dollar employees' reports to the police. (*Id*. ¶¶ 18-20, 25, 35.) The Philadelphia County Court of Common Pleas dismissed the charges, concluding that the store surveillance video showed that Robinson did not pick up any merchandise in the store and that the employees attacked Robinson. (*Id.* ¶ 22; *see also* Ex. A.)

Plaintiffs filed this action on June 4, 2014. (Comp., Doc. No. 1.) Family Dollar, Inc.[3] moved to dismiss the complaint and, in response, Plaintiffs filed an amended complaint on October 30, 2014, which added Family Dollar and Braheem Wilkins as defendants. Plaintiffs allege six counts in the amended complaint against three sets of defendants. Five counts are alleged against Family Dollar, Family Dollar, Inc., and the employees of Family Dollar: Assault and Battery (Count I); Malicious Prosecution/False Arrest/False Imprisonment (Count II); Negligence/Negligent Supervision (Count IV); Intentional Infliction of Emotional Distress (Count V); and Loss of Consortium (Count VI). Plaintiffs also allege three counts against the City of Philadelphia, Police Commissioner Ramsey, Police Officer Etienne, and John Doe Police Officers ("Philadelphia Defendants"): Count II; Count III–*Monell* Claim; and Count VI.

---

[3]  Family Dollar, Inc. is a distinct corporate entity that is incorporated under the laws of North Carolina.

The Philadelphia Defendants answered the amended complaint and filed a cross-claim for contribution and indemnification against all other defendants. (Doc. No. 20.) Family Dollar and Family Dollar, Inc. moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), 12(b)(7) and 12(f). (Mot. Dismiss, Doc. No. 15.) In response, Plaintiffs voluntarily dismissed Family Dollar, Inc., (Doc. No. 23), and answered Family Dollar's arguments in support of dismissal.[4] (Opp'n Mot. Dismiss, Doc. No. 24). In their opposition to Family Dollar's motion to dismiss, Plaintiffs asserted that they pled Counts II and IV against Family Dollar pursuant to 42 U.S.C. § 1983 and not pursuant to Pennsylvania common law. (*See* Am. Compl. ¶¶ 33-42; Opp'n Mot. Dismiss 10-12.)[5] The Court accordingly ordered Plaintiffs and Family Dollar to brief whether Family Dollar and its employees may be considered state actors pursuant to 42 U.S.C. § 1983. The parties filed the requested briefing on May 15, 2015.

## *Discussion*

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief, "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). The court must "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361,

---

[4]  Due to Family Dollar, Inc.'s dismissal, the Court considers the motion to dismiss only as to Family Dollar.

[5]  As Plaintiffs' opposition brief is not paginated, citations refer to the page numbers assigned by the Court's CM/ECF system.

374 n.7 (3d Cir. 2002)). However, the complaint must allege more than plaintiff's entitlement to relief—it has to "show" this entitlement with facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This requires "'sufficient factual matter' to show that the claim is facially plausible." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible if it states "enough factual matter (taken as true) to suggest the required element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). A motion to dismiss will be granted when the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56.

<u>*Count I—Assault & Battery*</u>

Plaintiffs seek to impose *respondeat superior* liability on Family Dollar for its employees' beating of Robinson. (Am. Compl. ¶ 32.) Family Dollar appears to argue that *respondeat superior* liability is improper because its employees were acting outside the scope of their employment. (Mem. Supp. Mot. Dismiss 10, Doc. No. 15-1.) An employer may be held liable for its employees' intentional or criminal acts causing injury to a third party if those acts occur during the course of and within the scope of employment. *See Costa v. Roxborough Mem'l Hosp.* 708 A.2d 490, 493 (Pa. Super. Ct. 1998); *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979). The conduct of an employee is within the scope of his employment if: "(1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." *Costa*, 708 A.2d at 493.

4

Plaintiffs allege that one of the John Doe employees was a security guard, (Am. Compl. ¶ 12), but do not describe the positions of Defendant Wilkins or the other John Doe employees. Without a description of the defendants' positions, Plaintiffs cannot plausibly show that the employees' conduct was "of a kind and nature that [they were] employed to perform." *Costa*, 708 A.2d at 493. Additionally, the amended complaint is devoid of any facts demonstrating that Family Dollar expected its employees to use such intentional force. Plaintiffs have not alleged facts showing that Family Dollar's employees were acting within the scope of their employment, and thus have not alleged a claim of assault or battery pursuant to a theory of *respondeat superior* against Family Dollar. This claim is dismissed.

*Count II—Malicious Prosecution, False Arrest, False Imprisonment*

The Plaintiffs bring their Malicious Prosecution, False Arrest, and False Imprisonment claims against Family Dollar pursuant to 42 U.S.C. § 1983. (*See* Am. Compl. ¶¶ 33-42). Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and the laws of the United States when that deprivation takes place 'under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983). "The initial inquiry in a section 1983 suit is (1) whether the conduct complained of was committed by a person acting under the color of state law and (2) whether the conduct deprived the complainant of rights secured under the Constitution or federal law." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998). A private actor, such as Family Dollar, is only liable under § 1983 if "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937; *see also Cahill* ex rel. *L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013). The Third Circuit Court of Appeals has outlined three broad tests to determine whether state

5

action[6] exists: "(1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) 'whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). "Regardless of the test employed, the inquiry must be fact specific." *Cahill*, 512 F. App'x at 230.

In its supplemental brief, Plaintiffs contend that they pled that Family Dollar was a state actor pursuant to the "conspiracy test."[7] (Doc. No. 41.) This reference to the "conspiracy test" appears to be an application of the "joint action" test[8], which asks "whether the private party has acted with the help of or in concert with state officials." *See Cahill*, 512 F. App'x at 230. For claims against private parties that involve "suspected shoplifters," the Third Circuit delineated a

---

[6] "'Under color of state law' and 'state action' are interpreted identically under the Fourteenth Amendment." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Therefore "if the challenged conduct . . . constitutes state action as delimited by [the Supreme Court's jurisprudence], then that conduct was also action under color of state law and will support a suit under § 1983." *Lugar*, 457 U.S. at 935.

[7] Plaintiffs also assert that they pled that Family Dollar was a state actor under the "symbiotic relationship" test. This test was first announced by the Supreme Court in *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961), where the Court found that a private restaurant's discriminatory conduct was state action because "the State ha[d] so far insinuated itself into a position of interdependence with [the restaurant] that it must be recognized as a joint participant in the challenged activity." 365 U.S. at 725. The restaurant was situated within state-owned property, the restaurant and the parking authority created demand for the other's services, and the "profits earned by discrimination not only contribute[d] to, but also [were] indispensable elements in, the financial success of a governmental agency." *Id.* at 724. The Third Circuit has observed that *Burton* "was crafted for the unique set of facts presented [in that case]" and declined to "expand its reach beyond facts that replicated what was before the Court in *Burton*." *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 242 (3d Cir. 2002) (en banc). Plaintiffs do not allege any facts analogous to the mutually beneficial relationship described in *Burton*. Accordingly, there is no basis upon which the Court may conclude that Plaintiffs alleged that Family Dollar is a state actor under the "symbiotic relationship" test.

[8] To the extent Plaintiffs intended to allege a § 1983 conspiracy, they failed to do so. "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa. 2014) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)). "[F]or his complaint to survive a motion to dismiss, he must plead 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Id.* (quoting *Great W. Mining & Mineral Co.*, 615 F.2d at 178). Here, Plaintiffs have not baldly asserted, let alone pled facts supporting the inference, that "an agreement between the defendants and state officials—a meeting of the minds—to violate the plaintiff's rights" occurred. *See id.*

6

two-part test to determine whether there has been joint action: "(1) the police must 'have a prearranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause,' such that they have 'substituted the judgment of private parties for their own official authority.'" *Romich v. Sears Holding Corp.*, No. 12-5383, 2013 WL 5925082, at *13 (E.D. Pa. Nov. 5, 2013) (quoting *Cruz v. Donnelly,* 727 F.2d 79, 80-81 (3d Cir. 1984)).

Here, Plaintiffs do not allege the type of prearranged plan between Family Dollar and the Philadelphia Police or the deferral of judgment to Family Dollar that demonstrates Family Dollar's joint action with the police. Plaintiffs allege only that Family Dollar employees knowingly falsely accused Robinson of assault and retail theft.[9] (Am. Compl. ¶ 35.) "Merely calling the police, furnishing information to the police or communicating with a state official does not arise to the level of joint action necessary to transform a private entity into a state actor." *Humphreys v. PPL Elec. Utils. Corp.*, No. 12-4334, 2014 WL 5503201, at *3 (E.D. Pa. Oct. 31, 2014) (concluding that allegations of a false report to a law enforcement agency do not transform two private individuals into state actors); *see also Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984) (holding that allegations that store employee accused plaintiff of shoplifting and ordered the police to strip search the plaintiff did not suggest the existence of a prearranged plan).

In support of their position, Plaintiffs cite *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547 (M.D. Pa. 2012). In *Luck*, the plaintiffs were detained by casino security guards and taken to an upstairs office in the casino by the security guards and two Pennsylvania State

---

[9] Plaintiffs do not allege that the Family Dollar employees' stop of Robinson as he exited the store was joint action. Even if they did, detention pursuant to Pennsylvania's Retail Theft Act alone is not indicative of a prearranged plan under *Cruz*. *Wallace v. Federated Dep't Stores, Inc.*, No. 05-cv-4204, 2006 WL 1620176, at *3-4 (E.D. Pa. June 7, 2006), *vacated in part and aff'd in part on other grounds* 214 F. App'x 142 (3d Cir. 2007).

Troopers. *Id*. at 551. The Director of Casino Security and one security guard *directed* the troopers to arrest the plaintiffs and issue citations for criminal trespass. *Id*. After being arrested and cited for criminal trespass without an independent investigation, plaintiffs were released and escorted out of the casino by the security guards and the troopers. *Id*. The Middle District of Pennsylvania denied the Casino defendants' motion to dismiss and found that they may be liable as state actors pursuant to the "joint action" test. *Id.* at 562. Despite the fact that *Luck* does not consider whether the defendants were state actors in the context of an alleged retail theft, Plaintiffs have not alleged facts demonstrating that Family Dollar, through its employees, *directed* the police to arrest or prosecute Robinson or was in any way a "willful participant in joint action with the State or its agents." *See Lugar*, 457 U.S. at 941.

Again, the critical issue "is whether the state, through its agents or laws, has established a formal procedure or working relationship that drapes private actors with the power of the state," *i.e.* a prearranged plan through which the state official surrendered the exercise of its official judgment to a private party. *Cruz*, 727 F.2d at 82. Plaintiffs allege no facts suggesting that Family Dollar had a prearranged plan with the Philadelphia Police under which the police would arrest anyone identified as a shoplifter without conducting an independent investigation. Because Plaintiffs have failed to sufficiently allege that Family Dollar was a state actor, their claims pursuant to § 1983 are dismissed. *See Chapman v. Acme Mkts., Inc.*, No. 97-6642, 1998 WL 103379, at *2 (E.D. Pa. 1988) ("To survive a Motion to Dismiss, Plaintiff must allege facts sufficient to meet the requirements of *Cruz*."); *see also Cruz*, 727 F.2d at 82 ("[T]he absence of any allegation of an agreement subordinating the policeman's judgment to that of [the employee] and the [employer] forecloses private liability under § 1983.").

<u>*Count IV—Negligent Supervision*</u>

8

Plaintiffs pled Count IV under Pennsylvania law, (*see* Am. Compl. ¶¶ 47-51), even though they now assert that it was brought pursuant to § 1983. (Opp'n Mot. Dismiss 12.) Plaintiffs fail to state a claim under either theory. As discussed above, Plaintiffs have not alleged that Family Dollar is a state actor, thereby foreclosing liability pursuant to § 1983. Under Pennsylvania law, an employer may be liable for the negligent supervision of an employee where the employer fails to exercise ordinary care to prevent intentional harm to a third-party which (1) is committed on the employer's premises by an employee acting outside the scope of his employment and (2) is reasonably foreseeable.[10] *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487-88 (3d Cir. 2013). The reasonably foreseeable prong is two-fold. The injured party must show that the employer knew or should have known of the need to exercise control of its employee and the injured party must show that the harm he suffered was reasonably foreseeable. *Id.* at 491. As to the first prong, "an employer knows or should know, of the need to control an employee if the employer knows that the employee has dangerous propensities that might cause harm to a third party." *Id.* (citations omitted). "A harm is foreseeable if it is part of a general type of injury that has a reasonable likelihood of occurring." *Id.* (citation omitted).

Family Dollar contends that Plaintiffs failed to allege facts sufficient to show that the events occurred on their premises and they failed to allege that the employees' conduct was foreseeable. (Mem. Supp. Mot. Dismiss 14-15.) Plaintiffs allege that Robinson was stopped as he was exiting the store and they do not allege that the employees removed Robinson from the premises before assaulting him. (Am. Compl. ¶¶ 12-15.) Therefore, viewing the facts in the

---

[10] Plaintiffs title this count "negligence/negligent supervision." To maintain a negligence action, a plaintiff must show that (1) the defendant owed a duty of care; (2) the defendant breached that duty; (3) the breach caused the injury in question; and (4) resulting damages. *Berrier v. Simplicity Mfg. Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (citing *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)). Plaintiffs do not allege any facts to support the elements of a negligence claim. The negligence claim, to the extent one was alleged, is also dismissed.

9

light most favorable to the Plaintiffs, it is plausible the events occurred on Family Dollar's premises. Plaintiffs, however, allege that the Family Dollar employees were acting *within the scope* of their employment. (*Id.* ¶ 49.) This allegation is fatal to their claim. Furthermore, Plaintiffs claim fails on the basis of foreseeability. They do not allege any facts showing that Family Dollar employees had dangerous propensities warranting Family Dollar's supervision or that the assault or the false report provided by Family Dollar employees were reasonably likely to occur. Plaintiffs have not stated a claim for negligent supervision and the claim is dismissed.

*Count V—Intentional Infliction of Emotional Distress (IIED)*

Defendants seek dismissal of this claim, contending that Plaintiffs failed to allege necessary elements. (Mem. Supp. Mot. Dismiss 15.) Under Pennsylvania law the elements of a claim of IIED[11] are: "(1) the conduct [of the defendant] must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; [and] (4) that distress must be severe." *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. Ct. 1997), *aff'd* 720 A.2d 745. Stating a claim of IIED also requires an allegation of some sort of physical injury, harm or illness related to the distress. *Corbett v. Morgenstern*, 934 F. Supp. 680, 684 (E.D. Pa. 1996) (citations omitted).

Plaintiffs have not shown that Robinson suffered severe emotional distress and a related physical injury. They allege only that Robinson "suffered physical injuries and emotional distress as a result" of the beating and Defendants "caused Plaintiff to suffer severe emotional distress." (*Id.* ¶¶ 24, 54.) These threadbare legal conclusions do not describe the emotional distress or identify a physical injury related to that distress, and are thus insufficient to state a

---

[11] The Pennsylvania Supreme Court has never expressly recognized a cause of action for intentional infliction of emotional distress. *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000). However, the Third Circuit has held that § 46 of the Restatement (Second) of Torts may be applied "as the basis in Pennsylvania law for the tort of intentional infliction of emotional distress." *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir. 1979).

10

plausible claim of IIED. *See Corbett*, 934 F. Supp. at 684-85 ("Pennsylvania courts have found that symptoms of severe depression, nightmares, stress and anxiety, requiring psychological treatment, and . . . ongoing mental, physical and emotional harm sufficient to state physical harm or injury to sustain causes of action for infliction of emotional distress.") (citations and internal quotation marks omitted)); *see also Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 645-46 (E.D. Pa. 2014) (allegations that plaintiff suffered severe emotional distress that manifested itself "physically in the form of financial loss, sleep deprivation, reoccurring nightmares and other physically disabling manifestations" sufficient to state claim for IIED).

Moreover, Plaintiffs must provide some theory by which Family Dollar may be liable for the intentional conduct of its employees. *See Jackson v. Lehigh Valley Physicians Grp.*, No. 08-cv-3043, 2010 WL 1630737, at *20 n.29 (E.D. Pa. Apr. 20, 2010) ("[A] party cannot be held liable for another's conduct unless a lawful basis for liability can be established."). As discussed above, Plaintiffs have not alleged facts sufficient to demonstrate that Family Dollar may be liable for the conduct of its employees as it relates to the assault. Plaintiffs have not stated a plausible claim of IIED against Family Dollar. The claim is dismissed.

*Count VI—Loss of Consortium*

Family Dollar does not move to dismiss Plaintiffs' loss of consortium claim. However, "it is well-established that, under Pennsylvania law, a spouse's right to recover for loss of consortium derives only from the other spouse's recovery in tort." *Szylowski v. City of Phila.*, 134 F. Supp. 2d 636, 639 (E.D. Pa. 2001) (citing *Danas v. Chapman Ford Sales, Inc.,* 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) and *Quitmeyer v. Se. Pa. Transp. Auth.,* 740 F. Supp. 363, 370 (E.D. Pa. 1990)). Because all of the tort claims against Family Dollar have been dismissed,

the derivative loss of consortium claim must also be dismissed. *See Szylowski*, 134 F. Supp. 2d at 639-40.

*Conclusion*

In their opposition to Family Dollar's motion to dismiss, Plaintiffs suggest that they should be provided an opportunity to amend to remedy any deficiencies identified in their amended complaint. (Opp'n Mot. Dismiss 7.) The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If a complaint seeking to vindicate a plaintiff's civil rights is vulnerable to 12(b)(6) dismissal, the Court must permit a curative amendment, unless amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (discussing a district court's obligation to *sua sponte* grant leave to amend in civil rights cases as distinct from a plaintiff's obligation to properly request leave to amend in non-civil rights cases). Amendment is futile "if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1999) (citation omitted), *vacated on other grounds by* 525 U.S. 459. When determining whether amendment is futile, the Court applies the same standard of legal sufficiency as under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Plaintiffs exercised their right to amend pursuant to Federal Rule of Civil Procedure 15(a)(1) before the Court ruled on Family Dollar Inc.'s motion to dismiss. Family Dollar then moved to dismiss Plaintiffs' amended complaint. Because this is the first time the Court has had the opportunity to apprise Plaintiffs of the deficiencies in their complaint, the Court is reluctant to conclude that amendment would be futile. Plaintiffs will be given an opportunity to properly plead their claims. *See e.g.*, *Beto v. Barkley, et al.*, No. 14-cv-2522, 2015 WL 619640, at *10

(E.D. Pa. Feb. 12, 2015) (granting leave to amend inadequately pled § 1983 claim and state law claims).

The Court will therefore dismiss the Counts I, II, VI, V, and VI without prejudice. Plaintiffs may amend these claims to the extent they can allege *facts* consistent with this opinion to state the claims embodied in Counts I, II, VI, V, and VI.[12]

An appropriate order follows.

/s/ Gerald J. Pappert<br>GERALD J. PAPPERT, J.

---

[12] It is unclear whether Plaintiffs also intended to allege malicious prosecution, false arrest, and/or false imprisonment claims pursuant to Pennsylvania common law against Family Dollar. To the extent Plaintiffs intended to do so, they are directed to clarify and separate these claims in their amended complaint.