IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEN ROBINSON and MAXINE ROBINSON,<br><br>                        Plaintiffs,<br><br>  v.<br><br>FAMILY DOLLAR, INC. et al.,<br><br>                        Defendants. | CIVIL ACTION<br>NO. 14-03189 |

PAPPERT, J.                                                                             NOVEMBER 2, 2015

**MEMORANDUM**

      Plaintiff Ben Robinson ("Robinson") and his wife, Maxine Robinson, (collectively "Plaintiffs") allege that employees of Family Dollar Stores of Pennsylvania, Inc. ("Family Dollar") beat Robinson, then in an effort to cover up the beating, falsely reported to the Philadelphia Police that Robinson assaulted Family Dollar employees and committed retail theft. Family Dollar moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, Plaintiffs' claims against Family Dollar are dismissed.

---

[1] Because the Court grants Family Dollar's motion and dismisses all claims against it, the Court does not address Family Dollar's alternative motion to strike certain allegations in the second amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Similarly, the Court does not address Family Dollar's motion to strike the John Doe Employee defendants pursuant to Federal Rule of Civil Procedure 12(b)(7). Finally, the parties stipulated to dismiss Family Dollar, Inc. ("FDI") as a defendant. (ECF No. 23.) FDI is a corporation domiciled in North Carolina, and does not conduct any business in Pennsylvania. Despite the stipulation, Plaintiffs nonetheless included FDI in their second amended complaint. "It is a well-recognized rule of law that valid stipulations entered into freely and fairly … should not be lightly set aside." *Kohn v. American Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir.1972). Given the parties' stipulation, the Court does not address Family Dollar's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for lack of personal jurisdiction.

## I.

Robinson was shopping at the Family Dollar store near 48th Street and Girard Avenue in Philadelphia, Pennsylvania on April 29, 2013. (Second Amended Complaint ("Sec. Amend. Compl.") ECF No. 13, ¶ 10.) As Robinson exited the store, he was stopped by Family Dollar employee Braheem Wilkins, a Family Dollar security guard, and two other unidentified Family Dollar employees. (*Id*. at ¶ 12.) The four employees accused Robinson of shoplifting. (*Id*.) Robinson denied stealing anything. (*Id*. at ¶ 13.) After being hit by one of the employees, Robinson was allegedly "gang beaten," thrown to the ground, and struck over the left eye with a tire iron. (*Id*. at ¶¶ 14.) The employees laughed and continued to strike Robinson. (*Id*.) The entire incident was captured on store surveillance video and on video recorded by a bystander. (*Id*. at ¶ 15.) Robinson was transported to the hospital and treated for his injuries. (*Id*. at ¶¶ 16-17.) Philadelphia Police Officer Wilfrid Etienne arrested Robinson upon his release from the hospital and charged him with aggravated assault, robbery, retail theft, theft by unlawful taking, receiving stolen property, and simple assault based on the Family Dollar employees' reports to the police. (*Id*. at ¶¶ 21-23.) The Philadelphia County Court of Common Pleas dismissed the charges, concluding that the store surveillance video showed that Robinson did not pick up any merchandise in the store, and that the employees attacked Robinson. (*Id*. at ¶ 25.)

Plaintiffs filed their initial complaint on June 4, 2014. (ECF No. 1.) FDI moved to dismiss the complaint. (ECF No. 11.) In response, Plaintiffs filed their first amended complaint on October 30, 2014, which added Family Dollar and Braheem Wilkins as defendants. (ECF No. 13.) Family Dollar and FDI moved to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), 12(b)(7) and 12(f). (ECF No. 15.) The Court granted Family Dollar's motion, dismissed all claims against Family Dollar without prejudice,

and granted Plaintiffs leave to amend. (ECF No. 43.) In its opinion, the Court found: (1) Plaintiffs' assault and battery claim failed to sufficiently allege Family Dollar's potential liability under the theory of *respondeat superior*; (2) Plaintiffs failed to allege that Family Dollar was a state actor subject to § 1983 liability; (3) Plaintiffs' negligent supervision claim was legally insufficient because it alleged the employees were acting within the scope of their employment; (4) Plaintiffs' negligence claim lacked any allegations establishing any elements of negligence; and (5) Plaintiffs failed to allege any theory under which Family Dollar could be held liable for intentional infliction of emotional distress.

Plaintiffs filed their second amended complaint alleging, in relevant part, the same five counts against Family Dollar. (ECF No. 44.) Family Dollar moves to dismiss the second amended complaint pursuant to Rule 12(b)(6). (ECF No. 45.) The second amended complaint contains only six new allegations. Plaintiffs' response brief adopts the substantive reasoning set forth in their original response brief. However, Plaintiffs have supplemented their arguments with a two and a half page analysis of the *Twombly/Iqbal* standard.

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211

(3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 677) (internal citations omitted).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation and citation omitted).  Speculative and conclusory statements are not enough.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  In other words, a complaint has to establish such an entitlement with facts.  *Fowler*, 578 F.3d at 210-211.

The court must construe the complaint in the light most favorable to the plaintiff.  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)).  However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal conclusions" couched as facts.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Finally, a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

### III.

*Assault and Battery*

Plaintiffs' first count against Family Dollar is for Assault and Battery under the theory of *respondeat superior*.  An employer may be held liable for its employees' intentional or criminal

4

acts causing injury to a third party if those acts occur during the course of and within the scope of employment. *See Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998); *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979).  The conduct of an employee is within the scope of his employment if: "(1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." *Costa*, 708 A.2d at 493.

In its opinion granting Family Dollar's first motion to dismiss, the Court found Plaintiffs' amended complaint "devoid of any facts demonstrating that Family Dollar expected its employees to use such intentional force." (ECF No. 42, pg. 5.)  In an apparent attempt to cure that defect, Plaintiffs now allege that "the use of force by these Family Dollar employees was not unexpected by Family Dollar." (Sec. Amend. Compl., at ¶ 20.)   Rather than plead "facts," Plaintiffs simply allege a conclusion.  Plaintiffs again fail to "raise a right to relief above the speculative level," and their assault and battery claim is dismissed.

*Malicious Prosecution, False Arrest and False Imprisonment*

Plaintiffs also bring claims for Malicious Prosecution, False Arrest and False Imprisonment against Family Dollar pursuant to 42 U.S.C. § 1983.  Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and the laws of the United States when that deprivation takes place 'under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983).  "The initial inquiry in a section 1983 suit is (1) whether the conduct

complained of was committed by a person acting under the color of state law and (2) whether the conduct deprived the complainant of rights secured under the Constitution or federal law." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998).

A private actor is only liable under § 1983 if they are "a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937; *see also Cahill ex rel. L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013). The Third Circuit Court of Appeals has outlined three broad tests to determine whether state action exists: "(1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) 'whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). "Regardless of the test employed, the inquiry must be fact specific." *Cahill*, 512 F. App'x at 230.

In its opinion dismissing Plaintiffs' § 1983 claims, the Court concluded that the Plaintiffs' supplemental brief could only be read as advocating an application of the "joint action" test. Because Plaintiffs have "incorporate[d] by reference their prior response to Defendants' … Motion to Dismiss," the Court has no reason to assume Plaintiffs have changed their argument as to which test to apply. (Plaintiffs' Response in Opposition to Defendants Motion to Dismiss ("Pl.'s Resp. Opp. Def.'s Mot. Dis."), ECF No. 46, pg. 6.)

The joint action test asks "whether the private party has acted with the help of or in concert with state officials." *See Cahill*, 512 F. App'x at 230. For claims against private parties

that involve "suspected shoplifters," the Third Circuit delineated a two-part test to determine whether there has been joint action: "(1) the police must 'have a prearranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause,' such that they have 'substituted the judgment of private parties for their own official authority.'" *Romich v. Sears Holding Corp.*, No. 12-5383, 2013 WL 5925082, at *13 (E.D. Pa. Nov. 5, 2013) (quoting *Cruz v. Donnelly*, 727 F.2d 79, 80-81 (3d Cir. 1984)).

Plaintiffs' first amended complaint failed to "allege the type of prearranged plan between Family Dollar and the Philadelphia Police or the deferral of judgment to Family Dollar that demonstrates Family Dollar's joint action with the police." (ECF No. 42, pg. 7.) Additionally, Plaintiffs failed to allege "facts demonstrating that Family Dollar, through its employees, *directed* the police to arrest or prosecute Robinson or was in any way a 'willful participant in joint action with the State or its agents.'" (*Id*.) (quoting *Lugar*, 457 U.S. at 941).

Attempting to cure this defect, Plaintiffs now allege that "[u]pon information and belief … Family Dollar had an ongoing working relationship with the Philadelphia Police (which existed prior to the instant matter) wherein police regularly relied entirely on verbal allegations of Family Dollar security personnel and other employees." (Sec. Amend. Compl., at ¶ 31.) Additionally, Plaintiffs allege that "the Philadelphia Police arrest people identified to have violated the law by Family Dollar without conducting any meaningful independent investigation." (*Id*. at ¶ 32.)

Rather than allege specific facts, Plaintiffs have again merely taken the Court's reasoning and subsumed it into their second amended complaint. Plaintiffs fail to allege *facts* showing that

Family Dollar actually had an ongoing relationship with the police.  Additionally, they fail to allege *facts* supportive of their claim that the police arrested people identified by Family Dollar without any investigation.  Indeed, Plaintiffs' complaint alleges only that the police arrested people without conducting a *meaningful* investigation.  Even if this conclusory allegation were credited, it seems to concede that independent investigations were conducted.  However, Plaintiffs' "[t]hreadbare recitals" supported by "mere conclusory statements" are insufficient.  *Iqbal*, 556 U.S. at 678.  Accordingly, Plaintiffs' § 1983 claims are dismissed.

*Negligence/Negligent Supervision*

Plaintiffs also allege claims against Family Dollar for negligence and negligent supervision.  Under Pennsylvania law, an employer may be liable for the negligent supervision of an employee where the employer fails to exercise ordinary care to prevent intentional harm to a third-party which (1) is committed on the employer's premises by an employee acting outside the scope of his employment and (2) is reasonably foreseeable.  *See Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487-88 (3d Cir. 2013).

The Court initially dismissed Plaintiffs' negligent supervision count because it alleged that "the Family Dollar employees were acting *within the scope* of their employment."  (ECF No. 42, pg. 10.)  Rather than cure this deficiency, Plaintiffs now allege that "[m]onitoring for theft is within the scope of the John Does' employment."  (Sec. Amend. Compl., at ¶ 55.)  This is the same allegation the Court dismissed in its first opinion as dispositive of Plaintiffs' negligent supervision claim.  The reiteration of a previously dismissed claim is improper at best and legally frivolous at worst.

Similarly, Plaintiffs' negligence claim fails.  To maintain a negligence action, a plaintiff must show that (1) the defendant owed a duty of care; (2) the defendant breached that duty; (3) the breach caused the injury in question; and (4) resulting damages.  *Berrier v. Simplicity Mfg. Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (citing *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)).  The Court dismissed Plaintiffs' negligence count for failure to "allege any facts to support the elements of a negligence claim."  Rather than supplement the second amended complaint with those necessary facts, Plaintiffs failed to allege anything factually supportive of a negligence claim.  Thus, the negligence claim, to the extent one was alleged, is also dismissed.

*Intentional/Negligent Infliction of Emotional Distress*

Finally, Plaintiffs allege claims for intentional and negligent infliction of emotional distress ("IIED" and "NIED") against Family Dollar.  Under Pennsylvania law, the elements of a claim for IIED are: "(1) the conduct [of the defendant] must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; [and] (4) that distress must be severe."  *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. Ct. 1997), *aff'd* 720 A.2d 745.  Stating a claim of IIED also requires an allegation of some sort of physical injury, harm or illness related to the distress.  *Corbett v. Morgenstern*, 934 F. Supp. 680, 684 (E.D. Pa. 1996) (citations omitted).  Additionally, Plaintiffs must provide some theory by which Family Dollar may be held liable for the intentional conduct of its employees.  *See Jackson v. Lehigh Valley Physicians Grp.*, No. 08-cv-3043, 2010 WL 1630737, at *20 n.29 (E.D. Pa. Apr. 20, 2010) ("[A] party cannot be held liable for another's conduct unless a lawful basis for liability can be established.").

The Court dismissed Plaintiffs' first amended IIED claim for failing to allege any theory under which Family Dollar could be held liable for the intentional conduct of its employees. As discussed with the assault and battery claims above, Plaintiffs have failed to identify such a theory, and thus fail to sufficiently plead an IIED claim. Additionally, the Court found that Plaintiffs' first amended complaint did not sufficiently allege that Plaintiffs suffered severe emotional distress. In its reasoning, the Court cited a number of cases articulating the types of factual allegations of emotional distress which could properly state a claim for that tort. Among those examples were sleep deprivation, reoccurring nightmares, anxiety attacks and conditions requiring psychological treatment.

Plaintiffs' "new allegations" of alleged severe emotional distress merely parrot those referenced by the Court. Robinson now claims to suffer from "lack of sleep, panic attacks, flashbacks, and fear of entering dollar stores."[2] (Sec. Amend. Compl., at ¶ 28.) Additionally, Robinson is allegedly "seeking psychiatric treatment which he will procure shortly." (*Id.*) Plaintiffs do no more than conclusorily repeat the Court's examples. Indeed, in the two years between the incident and the second amended complaint, Robinson is still "seeking" treatment which "he will procure shortly." Plaintiffs' claims for both IIED and NIED are dismissed.

---

[2] Mrs. Robinson is also claiming that she is fearful of entering dollar stores. (Sec. Amend. Compl., at ¶ 55.) Plaintiffs made no arguments in their brief supporting the position that fear of entering dollar stores is sufficient to constitute *severe* emotional distress. Moreover, "to establish a claim of negligent infliction of emotional distress under Pennsylvania law, a plaintiff must prove that: (1) he or she was near the scene of an accident or negligent act; (2) shock or distress resulted from a direct emotional impact caused by the sensory or contemporaneous observance of the accident, as opposed to learning of the accident from others after its occurrence; and (3) he or she is closely related to the injured victim." *Robinson v. May Dep't Stores Co.*, 246 F. Supp. 2d 440, 444-45 (E.D. Pa. 2003) (citing *Smith v. School Dist. of Philadelphia*, 112 F. Supp. 2d 417, 428 (E.D. Pa. 2000)); *see also Sinn v. Burd*, 404 A.2d 672, 685 (1979). Manifestation of physical injury is necessary to sustain a claim for negligent infliction of emotional distress. *Id*. Plaintiffs fail to allege facts establishing that Mrs. Robinson was near the scene of the alleged negligent act. Additionally, they fail to allege facts showing that she suffered shock or distress caused by the sensory or contemporaneous observance of the accident. Merely alleging that Mrs. Robinson is now fearful of entering dollar stores is not enough. Accordingly, Plaintiffs' NIED claim fails.

*Loss of Consortium*

Family Dollar does not move to dismiss Plaintiffs' loss of consortium claim. However, "it is well-established that, under Pennsylvania law, a spouse's right to recover for loss of consortium derives only from the other spouse's recovery in tort." *Szylowski v. City of Phila.*, 134 F. Supp. 2d 636, 639 (E.D. Pa. 2001) (citing *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) and *Quitmeyer v. Se. Pa. Transp. Auth.*, 740 F. Supp. 363, 370 (E.D. Pa. 1990)). Because all of the tort claims against Family Dollar have been dismissed, the derivative loss of consortium claim must also be dismissed. *See Szylowski*, 134 F. Supp. 2d at 639-40.

**IV.**

The Court is troubled by the Plaintiffs' second amended complaint. The document lacks any new *factual* allegations; it instead contains six conclusory statements that parroted the Court's reasoning in its first opinion dismissing the claims against Family Dollar. Additionally, the second amended complaint names FDI as a Defendant, despite a previous stipulation dismissing FDI from the case.

Rule 11 imposes an affirmative duty on an attorney and/or a party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994). Rule 11, in relevant part, provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the

> person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3).

The standard applied by the Court when determining whether a party has violated Rule 11 is an objective standard of reasonableness under the circumstances. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988); *see also Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) ("It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court.").

Plaintiffs have been given three chances to sufficiently plead their claims. The Court's first opinion dismissing Plaintiffs' claims identified the deficiencies in Plaintiffs' first amended complaint. Plaintiffs chose to disregard the Court's instructions, and instead file a complaint containing only six new allegations–all of which were conclusory. The second amended complaint failed to fix any of the defects contained in the first amended complaint. The pleading instead attempted to repeat the Court's reasoning–nearly word for word–hoping that would be adequate.

Furthermore, Plaintiffs' second response brief incorporated the entirety of the response brief which they (presumably) knew was deficient in a number of ways. Based on the Court's

initial opinion, Plaintiffs knew or should have known that they could not sufficiently allege a negligent supervision claim by contending that the employees were acting within the scope of their employment. They also knew or should have known that they could not plead an IIED claim against Family Dollar without first alleging a theory under which Family Dollar could be held liable for the intentional acts of its employees. Rather than heed the Court's direction and make the changes necessary to meet the 12(b)(6) standard, Plaintiffs decided to spend two and a half pages purporting to educate the Court on *Twombly* and *Iqbal*, cases with which the Court is fairly familiar. Quoting Justice Breyer and an assortment of post-*Twombly* case law, Plaintiffs' brief arrives at a predictable conclusion: "courts must accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." (Pl.'s Resp. Opp. Def.'s Mot. Dis., ECF No. 46, pg. 4.) (internal citations omitted) (emphasis omitted). The Plaintiffs continue to disregard the importance of *factual* allegations at the 12(b)(6) stage. As the Court has stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

      Rule 11 sanctions can be initiated either by motion or on the court's initiative. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). "When acting on its own initiative, however, the district court should first enter an order describing the specific conduct that it believes will warrant sanctions and direct the person it seeks to sanction to show cause why particular sanctions should not be imposed." *Id*. (referencing Fed. R. Civ. P. 11(c)(1)(B)); *see also* Fed. R. Civ. P. 11(c)(3) ("When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."). The Court's

Opinion today will be accompanied by a separate Order to Show Cause directing Plaintiffs' counsel to address the Court's concerns, as enumerated in that Order.

                                          BY THE COURT

                                          */s/ Gerald J. Pappert*
                                          GERALD J. PAPPERT, J